UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TESSIN L. CRITES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00882-MJD-JMS |
| MICHAEL J. ASTRUE Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

*Pro se* Plaintiff Tessin Crites filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI the Social Security Act, 42 U.S.C. § 416(I), 1382(c).  The Commissioner moved to dismiss Crites' complaint on the ground that it was time barred, and the Court ordered that this motion be converted to and re-docketed as a motion for summary judgment because it relies on materials outside of the pleadings.  [Dkt. 15]; *See* Fed. R. Civ. P. 12(d).  On September 24, 2012, Plaintiff was provided the notice required by *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and Local Rule 56-1(k) advising Plaintiff of her rights and obligations in responding to the motion for summary judgment.  [Dkt. 19]; S.D. Ind. L.R. 556-1(k) and App. A.  For the following reasons, the Commissioner's motion is **GRANTED**.[1]

**BACKGROUND**

---

[1] The parties consented to the Magistrate Judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Any objection or appeal of this decision must be made directly to the Court of Appeals in the same manner as any appeal from any other judgment of a district court.  28 U.S.C. § 363(c)(3).

Crites filed her application for SSI on April 27, 2010, alleging that she had become disabled on January 28, 2010. Her application was denied initially and upon reconsideration. On November 28, 2011, following a hearing with an administrative law judge ("ALJ"), the ALJ issued a decision finding that Crites was not disabled. On April 5, 2012, the Appeals Council denied Crites' request for review of the ALJ's decision, thus making it the final decision of the Commissioner. In its notice of unfavorable decision, the Appeals Council informed Crites that she had the right to file a civil action within sixty days of the receipt of the Appeals Council's denial of review. The notice also stated that the Appeals Council would assume that Crites received its notice five days after the date of the notice unless Crites showed that she did not receive it within the five-day period. The notice also further stated that Crites could submit a written request to the Appeals Council for additional time to file her complaint. Crites did not request that the Appeals Council grant her an extension for time to file her appeal. On June 26, 2012, Crites filed a civil action with this Court seeking judicial review of the Commissioner's final decision.

## ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where the entire record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether genuine issues of material fact exist, the court must review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998). The non-moving party may not rest upon her pleadings, but must present specific facts

showing that there is a genuine issue in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B.  Timeliness of Complaint

Section 405(b) provides a 60-day statute of limitations for civil actions to review a final decision of the Commissioner. The regulations provide that a claimant must institute a civil action "within 60 days after the Appeals Council's notice of denial of request for review . . . is received," and further state that "the date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The Commissioner's Notice of Appeal Council Action is dated April 5, 2012. [Dkt. 18-2.] The regulations presume that Crites received this notice five days after the date of the notice, which is presumed to be April 10, 2012. The sixty-day limitations period would then have begun to run on April 10, 2012, making June 8, 2012 the last day on which Crites could have filed her action for judicial review. However, Crites did not file her compliant, or otherwise commence this civil action, until June 26, 2012. There is no indication that Crites requested that the Appeals Council grant her additional time to file her civil action, and Defendant has submitted a statement from Mr. Robert Weigel, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, indicating that as of July 27, 2012, he was not aware of any request for an extension of time to file a civil action as specified in the Appeals Council notice and in section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) and in 20 C.F.R. 422.210. [Dkt. 18 at 3.]

While the time period in which to file a complaint may be extended upon a showing of good cause, there are no facts before the Court demonstrating that Plaintiff had good cause for

failing to file her Complaint within the allotted time. *See* 20 C.F.R. § 416.1411(b) (examples of circumstances where good cause may exist include serious illness of the claimant or immediate family member, accidental destruction or damage of records, the claimant's inability to find necessary information by the deadline, failure to receive notice, etc.).  Because Crites failed to respond to the Commissioner's motion for summary judgment with a justification for the late filing of her Complaint or to otherwise raise an issue of material fact with regard to whether good cause existed, the Court cannot infer that she had good cause for her failure to file her Complaint within sixty-five days of the Appeals Council notice date.[2]  Therefore, the Court finds that there is no justifiable reason for Crites failure to timely file this action and that her Complaint is time-barred.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Summary Judgment [Dkt. 16] is **GRANTED**.

Date:   11/30/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

TESSIN L. CRITES
112 W. 300 S.
Kokomo, IN 46902

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

---

[2] Crites was provided a notice regarding her right to respond to and submit evidence in opposition to the Commissioner's Motion for Summary Judgment on September 24, 2012 which specifically stated "*failure to properly respond will be the same as failing to present any evidence in your favor.*" [Dkt. 19] (emphasis in original); *see also* Fed. R. Civ. P. 56(e).